**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                        )
MICHAEL BONGANI LANGA,                  )
                                        )
         Petitioner,                    )
                                        )        Civil Action
v.                                      )        No. 20-10186-PBS
                                        )
JOSEPH D. MCDONALD JR.,                 )
                                        )
         Respondent.                    )
_____)

**ORDER**

March 3, 2020

Saris, D.J.

        Petitioner Michael Bongani Langa brings this habeas

petition seeking relief pursuant to the Court's declaratory

judgment in Brito v. Barr, 415 F. Supp. 3d 258 (D. Mass. 2019)

("Brito"). Petitioner argues that his immigration bond hearing

did not meet due process standards because he was required to

bear the burden of proof, rather than the Government. Petitioner

claims he was prejudiced by this error and so is entitled to

receive a new bond hearing. Respondent contends that Langa

cannot demonstrate prejudicial injury because there is

sufficient evidence that his release would pose a danger to the

community.[1] For the reasons stated below, the Court hereby **DENIES**
the petition (Docket No. 1).

## LEGAL STANDARD

Under 8 U.S.C. § 1226(a), "an alien may be arrested and
detained pending a decision on whether the alien is to be
removed from the United States." After Immigration and Customs
Enforcement ("ICE") makes the initial decision to detain an
alien, the alien may request a bond hearing in immigration court
at any time before a removal order becomes final. 8 C.F.R.
§ 236.1(d)(1). In Pensamiento v. McDonald, the Court held that
constitutional due process "requires placing the burden of proof
on the government in § 1226(a) custody redetermination
hearings." 315 F. Supp. 3d 684, 692 (D. Mass. 2018).

In a subsequent class action, Brito v. Barr, the Court
entered the following declaratory judgment:

> [A]liens detained pursuant to 8 U.S.C. § 1226(a)
> are entitled to receive a bond hearing at which the
> Government must prove the alien is either dangerous by
> clear and convincing evidence or a risk of flight by a
> preponderance of the evidence and that no condition or
> combination of conditions will reasonably assure the
> alien's future appearance and the safety of the
> community. At the bond hearing, the immigration judge
> must evaluate the alien's ability to pay in setting
> bond above $1,500 and must consider alternative
> conditions of release, such as GPS monitoring, that

---

[1] Immigration bond may also be withheld where the non-citizen is
a risk of flight. See Brito, 415 F. Supp. 3d at 271. The
immigration judge here denied bond based solely on "[d]anger to
person or property" and Respondent addresses only dangerousness.
Accordingly, this opinion does not discuss risk of flight.

> reasonably assure the safety of the community and the
> alien's future appearances.

415 F. Supp. 3d at 271. The Court held that class members who
had received an unlawful hearing could seek relief by "show[ing]
prejudice via an individual habeas petition." Brito v. Barr, 395
F. Supp. 3d 135, 148 (D. Mass. 2019).

To establish prejudice, a petitioner must show that a due
process violation could have affected the outcome of the custody
redetermination hearing. See Doe v. Tompkins, No. 18-cv-12266,
2019 U.S. Dist. LEXIS 22616, at *3-4 (D. Mass. Feb. 12, 2019)
(citing Pensamiento, 315 F. Supp. 3d at 693); then citing Singh
v. Holder, 638 F.3d 1196, 1205 (9th Cir. 2011)). The prejudice
inquiry requires the court to conduct "an individualized
assessment of [the petitioner's] criminal history and personal
characteristics." Brito, 395 F. Supp. 3d at 147.

## FACTS

Petitioner is a citizen of South Africa. He first entered
the United States in 2001. His last date of authorized entry was
on a non-immigrant visa in May 2009. He subsequently overstayed
his authorized period of admission and currently has no legal
status in the United States.

Petitioner married his now-ex-wife, Thidinalei Tshiguvho,
in 2006. They have two U.S. citizen children, who are currently
ten and fourteen. Petitioner and Tshiguvho divorced in May 2017.

After securing a temporary Abuse Prevention Order around July 2018, Tshiguvho successfully sought a permanent Abuse Prevention Order in August 2018. The Abuse Prevention Order has been extended several times, most recently after a hearing in September 2019. The order is currently in effect with an expiration date of September 23, 2020.

On May 27, 2019, Petitioner was seen on surveillance video at Tshiguvho's residence. The next day, on May 28, 2019, Petitioner was arrested by the Worcester Police Department for violation of the Abuse Prevention Order. Other than the restraining order violation, Petitioner's criminal record consists of a 2005 charge of driving with a suspended license, which was dismissed.

Upon his arrest in May 2019, Petitioner came to the attention of ICE and was taken into immigration detention on May 30, 2019. Petitioner received a bond hearing on July 8, 2019. At the hearing, the immigration judge considered Tshiguvho's August 2018 application for the Abuse Prevention Order. In an affidavit attached to the application, Tshiguvho had written that Petitioner had "threatened that he is going to get the kids and harm them" and that he told her to "look out for a big blow up coming my way in a few days." Docket No. 8-5 at 5.

The immigration judge also reviewed a written affidavit by Tshiguvho, which recites several violations of her restraining

4

order against the Petitioner. Although none of the alleged violations involved physical violence, Tshiguvho alleged that Petitioner had threatened her and their children. She wrote that "[s]hould [Petitioner] be released from deportation, I will continue to live in fear of harm that might happen to me and my children. Based on this experience, I appeal that you continue the deportation process for Michael B. Langa, and not release him to harm us." Docket No. 8-3 at 1. Tshiguvho was present at the bond hearing but did not testify.

Petitioner's counsel explained to the immigration judge that, in regard to the May 27, 2019 violation, Petitioner was retrieving landscaping tools for his business that he had left in a shed at the residence. Petitioner's counsel noted there was no record evidence of physical violence against Tshiguvho or the children, including no reports to the police. Counsel continued that Petitioner had a "wonderful relationship with his children" and understood his obligations under the restraining order going forward. Docket No. 9-1 at 18.

The court found Petitioner to be a danger to the community and denied bond. The judge was "concerned" by the contents of Tshiguvho's affidavit and underscored that "a state court judge after a full hearing where [the Petitioner] appeared, extended the restraining order for one year. . . . And then [the Petitioner] violated that restraining order. Whether or not it

was by means of a physical threat or going to the property, the reason why he's not allowed to go to that property is based upon the fear that the complainant has." Id. at 18-19.

## DISCUSSION

In analyzing a detainee's request for a bond redetermination, an immigration judge may consider several factors, including:

> (1) Whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

Petitioner argues that the result of his bond hearing could have been different if the Immigration Court had placed the burden of proof upon the Government. Respondent contends that the petition should be dismissed because the Petitioner cannot demonstrate prejudice. Because liberty is at stake, the Court writes promptly and briefly.

### I.   **Danger**

Brito requires the Government to prove that an alien detained pursuant to Section 1226(a) is dangerous by clear and convincing evidence. See Brito, 415 F. Supp. 3d at 267.

6

Here, the immigration judge relied heavily in making its bond decision on the fact that Tshiguvho made a sufficient showing of fear to a state court that she was able to get and maintain a restraining order against the Petitioner. The restraining order remains in effect, was extended only months ago in September 2019, and its recent violation was the immediate cause of Petitioner's present detention. The order is compelling evidence of an ongoing and serious threat of harm at the least to Tshiguvho.

Petitioner counters that the facts related to the restraining order violations are disputed. He suggests that at a bond hearing where the burden was correctly allocated to the Government, Petitioner would contest Tshiguvho's version of events and the Government would have to corroborate Tshiguvho's affidavits. The immigration judge's decision was based heavily on the existence of the active restraining order and its recent violation, as well as Tshiguvho's affidavit about it. There is no dispute that the order is in effect and that it was violated. Petitioner also already had an opportunity to contest the affidavits at the bond hearing, which Tshiguvho attended. Petitioner maintains the most recent violation was non-violent, but earlier violations involved threats of violence to Tshiguvho and their children. Petitioner has not demonstrated that the burden allocation "could have affected" the Immigration Court's

assessment of dangerousness. <u>See</u> <u>Doe</u>, 2019 U.S. Dist. LEXIS 22616, at *3-4.

## II.  Conditions of Release

Petitioner argues the Government did not disprove the adequacy of conditions of release, such as a "stay away" order or GPS monitoring. Petitioner notes that the state court judge in his restraining order violation case found release was appropriate with a "No Abuse, No Contact with victim/witness, Stay away from victim/witness" condition. Docket No. 9 at 8. In light of the recent violation of the restraining order, as well as the serious threats of violence, GPS monitoring or a "stay away" order is not a condition that would "reasonably assure . . . the safety of the community." <u>See</u> <u>Brito</u>, 415 F. Supp. 3d at 271.

<u>CONCLUSION</u>

Petitioner was not prejudiced by the errors in his bond hearing and therefore is not entitled to a new bond hearing. The petition for a writ of habeas corpus (Docket No. 1) is accordingly **<u>DENIED</u>**.


SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge

8