```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|   |   |
|---|---|
| MICHAEL BONGANI LANGA, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action |
| v. ) | No. 20-10186-PBS |
| ) | |
| JOSEPH D. MCDONALD, JR. ) | |
| ) | |
| Respondent. ) | |

                       **MEMORANDUM AND ORDER**

                          November 8, 2021

Saris, D.J.

   On January 7, 2021, this Court issued a memorandum and order involving the request for attorneys' fees in an immigration proceeding. (See Dkt. No. 41) The Court assumes familiarity with that ruling and the background of the case. Despite an effort at mediating the attorneys' fees dispute, the parties continue to disagree on the amount.

   After a review of the submissions, the Court awards fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). However, because of the lack of contemporaneous time records, the Court declines payment of the full amount requested in the motion for reconsideration. See Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984) (cautioning that "the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award

                                 1

or, in egregious cases, disallowance"); Weinberger v. Great Northern Nekoosa Corp., 925 F.2d 518, 528 (1st Cir. 1991) (finding an application lacking contemporaneous records or other suitable documentation "woefully deficient"); Castaneda-Castillo v. Holder, 723 F.3d 48, 79 (1st Cir. 2013) ("Contemporaneous time records serve not only as evidence that the 'time claimed was indeed so spent, but [also] provide details about the work. . . . This allows the paying party to dispute the accuracy of the record as well as the reasonableness of the time spent.'") (quoting Calhoun v. Acme Cleveland Corp., 801 F.2d 558, 560 (1st Cir. 1986)). The Court rejects the arbitrary estimate of one hour per page of text and 0.25 hours for preparation and collation per exhibits.  The Court finds the proposed hourly rate of $205.15 reasonable.  See Cano v. Saul, 505 F. Supp. 3d 20, 30 (D. Mass 2020) (permitting hourly rate of $207.00 per hour).

Because plaintiff failed to keep contemporaneous records, the Court has considered the approximations provided but has adjusted the hourly figures to align with the Court's understanding of a reasonable amount of time for the respective tasks. See United States v. Metropolitan Dist. Comm'n, 847 F.2d 12, 16 (1st Cir. 1988) ("Given this unique set of circumstances, the judge's decision to focus on specific tasks and the time fairly needed to accomplish them, rather than on the hours claimed by each of CLF's several attorneys, made eminently good

sense."); Gabriele v. Southworth, 712 F.2d 1505, 1507 (1st Cir. 1983)(explaining that a judge must "draw[] on [her] own experience and wisdom [in] deciding whether the time spent on each phase was in excess of a reasonable amount").

Attorneys' fees are therefore limited to the categories allowed in the earlier order, see Dkt. No. 41, and adjusted to comport with reasonable estimates:

| Time Allowed | Docket Number | Filing |
|---:|---|---|
| 4 hours | Dkt. Nos. 13, 14 | First Motion for Reconsideration and Memorandum in Support |
| 4 hours | Dkt. No. 19 | Memorandum in Support of Motion for Reconsideration |
| 2 hours | Dkt. Nos. 21, 23 | Emergency Motion for Temporary Restraining Order and Emergency Motion for Reconsideration |
| 3.75 hours | Dkt. No. 26 | Petition for Writ of Mandamus and related communications |

The total is 13.75 hours at a rate of $205.15 per hour, or a total of $2,820.81.

SO ORDERED.

/s/   PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge